UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:16-cv-10022-JLK

ANITA HUFFMAN,

    Plaintiff,

  v.

RURAL HEALTH NETWORK OF MONROE
COUNTY, FLORIDA, INC.,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT AND RESERVATION OF CLAIM
FOR ATTORNEYS' FEES**

COMESNOW, Defendant, RURAL HEALTH NETWORK OF MONROE COUNTY, FLORIDA, INC. ("Defendant"), by and through the undersigned counsel, and hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint and Reservation of Claim for Attorneys' Fees, and in support thereof, states as follows:

**INTRODUCTION**

1. Defendant admits that Plaintiff requests a jury trial in this case, but denies that Plaintiff has a valid cause of action pursuant to any provisions of Florida or Federal law, and denies that Plaintiff is entitled to any relief.

2. Defendant admits that this action purports to state claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 as amended (Section 1981), and the Florida Civil Rights Act; however, Defendant denies that Plaintiff has a cause of action for any such claims pursuant to any provisions of Florida or Federal law, and denies that Plaintiff is entitled to any relief.

Case No. 4:16-cv-10022-JLK

3. Defendant admits that this action seeks compensatory/emotional distress and punitive damages, lost wages, attorney's fees, taxable court costs, and interest; however, Defendant denies that Plaintiff is entitled to any relief.

## PARTIES

4. Defendant is without knowledge as to Plaintiff's residency; therefore, Plaintiff's allegation regarding same is denied.

5. Defendant admits the allegations contained within this paragraph.

## VENUE

6. Defendant admits the allegations of this paragraph for purposes of venue only; all other express or implied allegations of this paragraph not specifically admitted are hereby denied.

## JURISDICTION

7. Defendant admits the allegations of this paragraph for purposes of jurisdiction only; all other express or implied allegations of this paragraph not specifically admitted are hereby denied.

8. Defendant admits the allegations of this paragraph for purposes of jurisdiction only; all other express or implied allegations of this paragraph not specifically admitted are hereby denied.

9. Defendant admits the allegation of this paragraph for purposes of jurisdiction only; all other express or implied allegations of this paragraph not specifically admitted are hereby denied. Defendant specifically denies that any unlawful employment practices were committed.

## PROCEDURAL REQUISITES

10.     [1]Defendant denies as phrased the allegations contained within this paragraph.

11.     Defendant admits the allegation contained within this paragraph.

12.     Defendant admits that the EEOC issued a Notice of Right to Sue letter in January of 2016.  Defendant denies as phrased the remaining allegations contained within this paragraph.

13.     Defendant denies as phrased the allegation contained within this paragraph.

## FACTS

14.     Defendant admits the allegation contained within this paragraph.

15.     Defendant denies the allegations contained within this paragraph.

## COUNT I
## DISCRIMINATION ON THE BASIS OF RACE/COLOR
## UNDER TITLE VII AND FCRA

16.     Defendant re-alleges and re-avers its responses to paragraphs 1 through 15 above as if fully set forth herein.

17.     Defendant admits the allegation contained within this paragraph.

18.     Defendant admits that Plaintiff could not clock in remotely.  Defendant denies the remaining allegation of this paragraph.

19.     Defendant denies the allegations contained within this paragraph.

20.     Defendant admits that Plaintiff was reprimanded for not showing up to work without notice.  Defendant denies the remaining allegation of this paragraph.

21.     Defendant denies the allegations contained within this paragraph.

22.      Defendant denies the allegations contained within this paragraph.

23.     Defendant denies the allegations contained within this paragraph.

---

[1] This Answer utilizes proper sequential numbering.  Plaintiff's Complaint erroneously used numbers beginning with 6 from this paragraph on.

Case No. 4:16-cv-10022-JLK

24. Defendant denies as phrased the allegations contained within this paragraph.

25. Defendant denies the allegations contained within this paragraph.

26. Defendant denies the allegations contained within this paragraph.

27. Defendant denies the allegations contained within this paragraph.

28. Defendant denies the allegations contained within this paragraph.

## COUNT II
## RACE/COLOR DISCRIMINATION UNDER 42 U.S.C. § 1981

29. Defendant re-alleges and re-avers its responses to paragraphs 1 through 15 and 17-24 above as if fully set forth herein.

30. Defendant denies the allegations contained within this paragraph.

31. Defendant denies the allegations contained within this paragraph.

32. Defendant denies the allegations contained within this paragraph.

33. Defendant denies the allegations contained within this paragraph.

34. Defendant denies the allegations contained within this paragraph.

35. Defendant denies the allegations contained within this paragraph.

## COUNT III
## RETALIATION UNDER 42 U.S.C. § 1981

36. Defendant re-alleges and re-avers its responses to paragraphs 1 through 15 above as if fully set forth herein.

37. Defendant denies the allegations contained within this paragraph.

38. Defendant admits that Plaintiff received a positive evaluation in December of 2014. Defendant denies the remaining allegations of this paragraph.

39. Defendant denies the allegations contained within this paragraph.

40. Defendant denies the allegations contained within this paragraph.

41. Defendant denies the allegations contained within this paragraph.

42. Defendant denies the allegations contained within this paragraph.

43. Defendant denies the allegations contained within this paragraph.

44. Defendant denies the allegations contained within this paragraph.

45. Defendant denies the allegations contained within this paragraph.

46. Defendant denies the allegations contained within this paragraph.

47. Defendant denies the allegations contained within this paragraph.

48. Defendant denies the allegations contained within this paragraph.

49. Defendant denies the allegations contained within this paragraph.

50. Defendant denies the allegations contained within this paragraph.

51. Defendant denies the allegations contained within this paragraph.

**COUNT IV**
**RETALIATION UNDER TITLE VII AND FCRA**

52. Defendant re-alleges and re-avers its responses to paragraphs 1 through 15 and 37-43 above as if fully set forth herein.

53. Defendant denies the allegations contained within this paragraph.

54. Defendant denies the allegations contained within this paragraph.

55. Defendant denies the allegations contained within this paragraph.

56. Defendant denies the allegations contained within this paragraph.

57. Defendant denies the allegations contained within this paragraph.

58. Defendant denies the allegations contained within this paragraph.

59. Defendant denies the allegations contained within this paragraph.

Case No. 4:16-cv-10022-JLK

## COUNT V
## HOSTILE WORK ENVIRONMENT ON THE BASIS OF RACE/COLOR UNDER TITLE VII AND FCRA

60. Defendant re-alleges and re-avers its responses to paragraphs 1 through 1, 17-24, and 37-43 above as if fully set forth herein.

61. Defendant denies the allegations contained within this paragraph.

62. Defendant denies the allegations contained within this paragraph.

63. Defendant denies the allegations contained within this paragraph.

64. Defendant denies the allegations contained within this paragraph.

65. Defendant denies the allegations contained within this paragraph.

66. Defendant denies the allegations contained within this paragraph.

67. Defendant denies the allegations contained within this paragraph.

68. Defendant denies the allegations contained within this paragraph.

69. Defendant denies the allegations contained within this paragraph.

## COUNT VI
## HOSTILE WORK ENVIRONMENT ON THE BASIS OF RACE/COLOR UNDER 42 U.S.C. § 1981

70. Defendant re-alleges and re-avers its responses to paragraphs 1 through 1, 17-24, and 37-43 above as if fully set forth herein.

71. Defendant denies the allegations contained within this paragraph.

72. Defendant denies the allegations contained within this paragraph.

73. Defendant denies the allegations contained within this paragraph.

74. Defendant denies the allegations contained within this paragraph.

75. Defendant denies the allegations contained within this paragraph.

76. Defendant denies the allegations contained within this paragraph.

77. Defendant denies the allegations contained within this paragraph.

78. Defendant denies the allegations contained within this paragraph.

79. Defendant denies the allegations contained within this paragraph.

80. Defendant denies the allegations contained within this paragraph.

81. Defendant denies the allegations contained within this paragraph.

## DAMAGES

82. Defendant denies the allegations contained within this paragraph.

## EXEMPLARY DAMAGES

83. Defendant denies the allegations contained within this paragraph.

## ATTORNEY'S FEES

84. Defendant denies the allegations contained within this paragraph.

## JURY DEMAND

85. Defendant admits that Plaintiff makes a request for a jury trial, but denies that Plaintiff has any valid cause of action against it.

## PRAYER

86. Defendant denies that Plaintiff is entitled to any of the relief sought.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff, and any such other relief this Court deems proper.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

Case No. 4:16-cv-10022-JLK

    2.    All actions taken by Defendant with regard to the Plaintiff's employment were based on legitimate business considerations, and non-discriminatory/non-retaliatory reasons made in good faith.

    3.    Defendant is entitled to a set-off for any and all collateral sources or monies paid to or for the benefit of the Plaintiff or otherwise available to her, including but not limited to unemployment compensation benefits.

    4.    The Plaintiff has failed to mitigate her alleged losses, injuries or damages, and, therefore, Defendant is not responsible to the extent that Plaintiff could have mitigated her damages, and Plaintiff has barred or diminished her entitlement to damages, if any.

    5.    The Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of, or are inconsistent with, the relevant administrative charge(s) that Plaintiff filed.

    6.    Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

    7.    Plaintiff's claims and/or damages are barred based on the mixed motives defense and grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination or retaliation, and no decision was, Defendant would have reached the same decision based on other legitimate, non-discriminatory/retaliatory reasons.

    8.    All acts taken by Defendant or anyone acting on its behalf were just, fair, privileged, with good cause, in good faith, without malice or intent to discriminate, retaliate against, or harass, and for lawful and legitimate, non-discriminatory/retaliatory reasons.

    9.    Defendant has made good faith efforts to prevent discrimination, retaliation, and harassment in its workplace and cannot be liable for the decisions of its agents, or punitive

Case No. 4:16-cv-10022-JLK

damages, to the extent that the challenged employment decisions were contrary to its efforts to comply with anti-discrimination/retaliation/harassment statutes.

10. Plaintiff cannot establish that the reasons proffered by Defendant for its employment actions pertaining to her were pretextual.

11. To the extent Plaintiff is deemed to have been discriminated or retaliated against or harassed, which Defendants deny, Plaintiff's claims should be barred, in whole or in part, based upon employee misconduct. *Equal Employment Opportunity Commission v. Murphy Motor Freight Lines, Inc.*, 488 F. Supp. 381 (D. Minn. 1980).

12. To the extent Plaintiff is deemed to have been discriminated or retaliated against or harassed, which Defendants deny, Plaintiff's claims should be barred, in whole or in part, based upon lack of employer notice. *Ealey v. DeKalb County Hosp. Authority*, 1988 WL 384902 (N.D. Ga. 1988).

13. To the extent Plaintiff is deemed to have been discriminated or retaliated against or harassed, which Defendants deny, Plaintiff's claims should be barred, in whole or in part, based upon employer's exercise of reasonable care to prevent and correct promptly any discriminatory/retaliatory/harassing behavior and employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by employer or to avoid harm otherwise. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

14. To the extent Plaintiff is deemed to have been discriminated or retaliated against or harassed, which Defendants deny, Plaintiff's claims should be barred, in whole or in part, based upon employer's implementation of an anti-discrimination/retaliation/harassment policy

Case No. 4:16-cv-10022-JLK

to prevent discrimination, retaliation, and harassment in the workplace. *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

Defendant reserves the right to assert such other affirmative defenses available as may be revealed through discovery and litigation of this matter.

### RESERVATION OF CLAIM FOR ATTORNEYS FEES

To the extent the Defendant is the prevailing party on any or all of the claims asserted as part of this lawsuit, which are frivolous, unreasonable, and/or without foundation, Defendant reserves its right to seek its attorney's fees and costs associated with defending this lawsuit from Plaintiff. *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306 (11th Cir. 2007); Florida Statute §760.

>COLE, SCOTT & KISSANE, P.A.
>Attorneys for Defendant
>222 Lakeview Avenue, Suite 120
>West Palm Beach, Florida 33401
>Telephone: (561) 383-9200
>Facsimile: (561) 683-8977
>By: /s/ Nicole Wall
>    NICOLE WALL
>    Florida Bar No.: 017430
>    Email: Nicole.Wall@csklegal.com

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 1st day of July, 2016, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By:  /s/ Nicole Wall
>    NICOLE WALL
>    FBN:  017430
>    E-Mail: Nicole.Wall@csklegal.com

Case No. 4:16-cv-10022-JLK

**SERVICE LIST:**
Alberto Naranjo, Esq.
AN Law Firm, P.A.
1900 N Bayshore Drive
#3606
Miami, FL  33132
Email: AN@ANLawFirm.com
*Via CM/ECF*